UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS PEPE,

    Plaintiff,

v.                                               Case No. 3:25cv730-TKW-HTC

RALPH CONFREDA,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Thomas Pepe, proceeding *pro se*, is no stranger to this Court. In the last month he has filed a slew of complaints against various people, including state court judges, arising out of state matters pending in the Middle District of Florida. Indeed, Pepe has already been warned that "his ability to file cases in this Court may be restricted if he continues filing multiple, meritless lawsuits against anyone and everyone connected to his state court proceedings." *See Pepe v. Pivachek*, 3:25cv667-TKW-ZCB, Doc. 6. Nonetheless, this is another case, *albeit* against a private attorney, also arising out of those state proceedings. Pepe sues attorney Ralph Confreda and seeks $400 million for violating his civil rights under 42 U.S.C. § 1983, for violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and for legal malpractice and fraud. Doc. 1. After reviewing the complaint, the undersigned concludes that venue is not proper in this district.

However, rather than transferring the case, it should be DISMISSED under 28 U.S.C. § 1406 because Pepe's claims are frivolous. In other words, a transfer would not further "the interest of justice"; it would only burden a different court with Pepe's suit.

## I.    Background

In his complaint, Pepe alleges Confreda knew about "fraudulent actions" in state foreclosure and probate proceedings and "turn[ed] a blind eye" to "criminal misconduct and jurisdiction defects." Confreda "facilitated" and "exploited judicial channels and judges" to further a "scheme of probate fraud," resulting in "financial harm" and the "deprivation of [Pepe's] constitutional [rights] and property."

In the "factual background," Pepe alleges that in proceedings before state court Judge Joseph Fuller, Confreda "[r]efused to acknowledge fatal jurisdictional defects; [d]enied [Pepe] due process and equal protection; [] coordinat[ed] with attorneys including Christoper DeCosta and others with known conflicts of interest; [p]ermitted or encouraged fraudulent documents to enter the record; [and] [t]ook judicial actions in clear absence of jurisdiction."[1] Pepe "repeatedly notified the court" and provided it with "substantial evidence of fraud," but Confreda "failed to act impartially or lawfully."

---

[1] Although these factual allegations appear to be against Confreda, they could also be construed to be against Judge Fuller, who is not a defendant and would be immune. It is difficult to see, for example, how a private attorney can take "judicial actions."

## II.     Discussion

Pursuant to 28 U.S.C. § 1391(b), venue is proper (1) in any judicial district in which any defendant resides, (2) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is no district in which the action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action. *See* 28 U.S.C. § 1391(b)(1)–(3).  As stated above, venue is not proper in this District.

Here, Pepe identifies Confreda as an attorney at Hinshaw & Culbertson LLP, located in Fort Lauderdale, Florida.  Pepe further states that the "civil and probate cases" at issue are in the Twentieth Judicial Circuit and identifies three cases, all of which are pending in the state courts located in the Middle District of Florida.[2] Thus, despite Pepe's allegation that venue is proper in this district – *it is not*.

When a case is filed in the wrong district, "the district [court] shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  Here, the case should be dismissed rather than transferred because Pepe's claims hold no water.

Pepe claims that Confreda violated § 1983, but Pepe alleges no facts showing Confreda—who is a private attorney—was a "state actor" under § 1983. *See Harvey*

---

[2] Pepe also provides the case number for a federal civil case in the Middle District of Florida (Case No. 2:23-cv-01212).

Case No. 3:25cv730-TKW-HTC

*v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (discussing § 1983's requirement of state action and noting that "[o]nly in rare circumstances can a private party be viewed as a state actor" and held liable under § 1983) (internal citations and quotations omitted).

Pepe's RICO claim also dies on the vine. Congress enacted RICO in 1970 to eradicate organized crime in the United States. *See Tristar Prods., Inc. v. Telebrands Corp., Whele LLC*, 2025 WL 1111513, at *7 (N.D. Fla. Apr. 14, 2025) (citing *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 245 (1989)). RICO's reach, however, is not limited to mobsters or conduct that is otherwise "characteristic ... of organized crime in the traditional sense." *See id.* (citing *H.J. Inc.*, 492 U.S. at 243). Thus, RICO also provides a private, civil cause of action to "[a]ny person injured in his business or property by reason of a violation of" RICO's substantive provisions. 18 U.S.C. § 1964(c).

To advance beyond the pleading stage, civil RICO plaintiffs must plausibly allege "six elements: that the defendants (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff." *Tristar Prods., Inc.*, 2025 WL 1111513, at *7 (citing *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020). Pepe has not met these pleading requirements.

As an initial matter, Pepe's allegations against Confreda are solely conclusory. While Pepe alleges that Confreda turned "a blind eye to criminal misconduct and jurisdictional defects," he does not identify the alleged criminal misconduct or jurisdictional defect. Similarly, Pepe's allegation that Confreda "facilitated and exploited judicial channels and judges to further a scheme of probate fraud," appears to be borne out of whole cloth. Pepe does not identify the scheme, how Confreda exploited any judges, what judges he exploited, or even what "scheme" was employed.

Regardless, there are no factual allegations that Confreda, along with others, operated or maintained an "enterprise." *See Tristar Prods., Inc.*, 2025 WL 1111513, at \*9 (citing *Cisneros*, and defining "enterprise" and noting that "a RICO enterprise must be an entity separate and distinct from any individual defendant").

And, Pepe has failed to allege facts that come even close to racketeering activity. *See id.* (dismissing RICO claim based on defendant's conduct before the Patent Office). Even assuming Confreda engaged in unethical conduct in the state proceedings, Confreda's litigation conduct cannot give rise to RICO liability. *See Lockwood v. Sheppard, Mullin, Richter & Hampton, LLP*, 2009 WL 9419499, at \*6 (C.D. Cal. Nov. 24, 2009) (For an attorney's conduct to give rise to RICO liability, it must go "well beyond [his] capacit[y] as a legal representative"; "merely alleging unethical conduct by a lawyer" will not suffice.). As the Eleventh Circuit has stated,

"prosecuting litigation activities as federal [RICO] crimes would undermine the policies of access and finality that animate our legal system." *United States v. Pendergraft*, 297 F.3d 1198, 1208 (11th Cir. 2002). Thus, Pepe's RICO claim against Confreda should dismissed. *See Saluzzo v. Greenbaum*, 2011 WL 13234286, at *3-5 (N.D.N.Y Feb. 4, 2011) (dismissing plaintiff's RICO claims against Defendants based on fraudulent activities in state court litigation and stating that "even if true," allegations of "perjury," "false statements," or "knowingly [] false representations" fail to "amount to 'racketeering activity'" and "cannot form the basis of a RICO claim"); *see also Acres Bonusing, Inc. v. Ramsey*, 2022 WL 17170856, at *10-11 (N.D. Cal. Nov. 22, 2022) (collecting cases and stating "district courts from around the country have found that litigation activities will not serve as predicate acts unless there are allegations of wrongdoing outside of the litigation, such as out-of-court activity or corruption," based in part on the policy rationale that otherwise "every unsuccessful lawsuit could [potentially] spawn a retaliatory [RICO] action," and this potential "cascade of litigation could chill litigants and lawyers.") (internal citations and quotations omitted).

For the reasons stated above, although venue is not proper in this District, the undersigned recommends this action be DISMISSED rather than transferred.[3] A transfer would not serve the interests of justice. See 28 U.S.C. § 1406.

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1406(a).

2. That the clerk be directed to close the file.

3. That all pending motions be TERMINATED as moot.

At Pensacola, Florida, this 12th day June, 2025.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1.

---

[3] Because the federal claims are frivolous and subject to dismissal, this Court should also dismiss the state law claims. See Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22, 32 (2025) ("So although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court.") (internal citations omitted)).

Case No. 3:25cv730-TKW-HTC